UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

GIHOSVANI RUIZ,
and other similarly situated individuals,

     Plaintiff(s),

v.

EL MESON LATIN CUISINE, INC.
and GILBERTO DIAZ

     Defendant.

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

     COMES NOW the Plaintiff GIHOSVANI RUIZ, by and through the undersigned counsel, and hereby sues Defendant EL MESON LATIN CUISINE, INC. and GILBERTO DIAZ, individually and alleges:

1. This is an action to recover money damages for retaliation and unpaid half-time overtime wages under the laws of the United States.  This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiff GIHOSVANI RUIZ is a resident of Cape Coral, Lee County, within the jurisdiction of this Honorable Court.   The Plaintiff is a covered employee for purposes of the Act.

3. Defendant EL MESON LATIN CUISINE, INC. (hereinafter EL MESON LATIN CUISINE, or Defendant) is a Florida corporation that has place of business within the

jurisdiction of this Court.  At all times, Defendant was and is engaged in interstate commerce. The Defendant is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4.   The individual Defendant GILBERTO DIAZ was and is now, the owner/officer and manager of EL MESON LATIN CUISINE. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5.   All the actions raised in this Complaint took place in Lee County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6.   This cause of action is brought by Plaintiff as a collective action to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and  former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after February 2019, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7.   Defendant EL MESON LATIN CUISINE is a Latin restaurant/bar located at 4085 Hancock Bridge Pkwy, # 107, North Fort Myers, FL 33903, where Plaintiff worked.

8.   Defendant EL MESON LATIN CUISINE and GILBERTO DIAZ employed Plaintiff GIHOSVANI RUIZ as a non-exempted, full-time, restaurant employee, from on or about February 01, 2019, through approximately October 20, 2019, or 37 weeks.

9. The Plaintiff had duties as a cook, and he also performed general kitchen work. The Plaintiff was paid $700.00 weekly.

10. During his employment with Defendants, Plaintiff had a regular schedule, he worked 6 days per week. Plaintiff worked Mondays to Thursdays, from 9:30 AM to 9:30 PM (12 hours each day); On Fridays and Saturdays Plaintiff worked from 9:30 AM to 10:30 PM (13 hours each day). The Plaintiff completed 74 working hours every week. The Plaintiff was unable to take bonafide lunch periods.

11. Every week, the Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours, as required by the FLSA.

12. The Plaintiff did not clock-in and out because Defendants did not use any timekeeping device, but the owner of the business GILBERTO DIAZ managed the business and he was able to keep track the hours worked by Plaintiff and other similarly situated individuals.

13. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that in excess of forty (40) that he worked, in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

14. The Plaintiff was paid in cash, without any paystub to show basic information such as the number of days and hours, wage-rate paid, employee taxes deducted, etc.

15. The Plaintiff complained multiple times about the lack of payment for overtime hours, and for the lack of payment records. As a result, Plaintiff was fired on or about October 6, 2019.

16. On or about October 13, 2019, the owner of the business GILBERTO DIAZ re-hired Plaintiff with the promise of fixing everything.

17. On or about October Thursday, October 17, 2019 Plaintiff complained and requested overtime and payment records again.

18. On or about October 20, 2019, the owner of the business GILBERTO DIAZ, for the second time, fired Plaintiff using pretextual reasons.

19. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

<u>**COUNT I:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**</u>
<u>**FAILURE TO PAY OVERTIME: AGAINST ALL DEFENDANTS**</u>

20. Plaintiff GIHOSVANI RUIZ re-adopts every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. This cause of action is brought by Plaintiff GIHOSVANI RUIZ  as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after February 2019,  (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

22. Defendant EL MESON LATIN CUISINE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant

is a retail business operating as a restaurant/bar and is engaged in interstate commerce. The Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the proportional annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

23. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce. The Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

24. Defendant EL MESON LATIN CUISINE and GILBERTO DIAZ employed Plaintiff GIHOSVANI RUIZ as a non-exempted, full-time, restaurant employee, from on or about February 01, 2019, through approximately October 20, 2019, or 37 weeks.

25. The Plaintiff had duties as a cook, and he also performed general kitchen work. The Plaintiff was paid $700.00 weekly.

26. During his employment with Defendants, Plaintiff had a regular schedule, he worked 6 days per week, an average of 74 hours weekly. The Plaintiff was unable to take bonafide lunch periods.

27. Every week, the Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours, as required by the FLSA.

28. The Plaintiff did not clock-in and out because Defendants did not use any timekeeping device, but Defendants were able to keep track the hours worked by Plaintiff and other similarly situated individuals.

29. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that in excess of forty (40) that he worked, in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

30. The Plaintiff was paid $700.00 in cash, without any paystub to show basic information such as the number of days and hours, wage-rate paid, employee taxes deducted, etc.

31. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain time accurate records of hours worked by the Plaintiff and other employees.

32. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

33. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

34. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages is as follows:

* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate. During his relevant period of employment, the Plaintiff did not work for one week because he was fired.

    a.  <u>Total amount of alleged unpaid O/T wages</u>:

Five Thousand Seven Hundred Eighty-Nine Dollars and 52/100 ($5,789.52)

b.  <u>Calculation of such wages</u>:

Total time of employment: 37 weeks
Total number of relevant weeks: 36 weeks
Total hours worked:  74 hours weekly
Total overtime hours: 34 hours
Salary paid: $700.00 weekly: 74 hours=$9.46
Regular rate: $9.46 x 1.5= $14.19 O/T rate
O/T rate: $14.19-$9.46= $4.73 half-time difference

Half-time diff. $4.73 x 36 O/T hours=$160.82 weekly x 36 weeks=$5,789.52

c.  <u>Nature of wages (e.g. overtime or straight time)</u>:

This amount represents unpaid half-time overtime wages.

35. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

36. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

37. At the times mentioned, individual Defendant GILBERTO DIAZ was the owner and manager of EL MESON LATIN CUISINE. Defendant GILBERTO DIAZ was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of

the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of EL MESON LATIN CUISINE in relation to their employees, including Plaintiff and others similarly situated. Defendant GILBERTO DIAZ had absolute financial and operational control of the Corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for the Plaintiff's damages.

38. Defendants EL MESON LATIN CUISINE and GILBERTO DIAZ willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

39. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff GIHOSVANI RUIZ and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff GIHOSVANI RUIZ and other similarly situated individuals and against the Defendants EL MESON LATIN CUISINE and GILBERTO DIAZ based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff GIHOSVANI RUIZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff GIHOSVANI RUIZ demands trial by a jury of all issues triable as of right by jury.

**COUNT II:**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**
**RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS**

40.  Plaintiff GIHOSVANI RUIZ re-adopts every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

41.  This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

42.  Defendant EL MESON LATIN CUISINE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a retail business operating as a restaurant/bar and is engaged in interstate commerce. The Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the gross revenue of the Employer/Defendant was always, in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

43. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce. The Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

44. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

45. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…."

46. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

47. Defendant EL MESON LATIN CUISINE and GILBERTO DIAZ employed Plaintiff GIHOSVANI RUIZ as a non-exempted, full-time, restaurant employee, from on or about February 01, 2019, through approximately October 20, 2019, or 37 weeks.

48. The Plaintiff had duties as a cook, and he also performed general kitchen work. The Plaintiff was paid $700.00 weekly.

49. During his employment with Defendants, Plaintiff had a regular schedule, he worked 6 days per week, an average of 74 hours weekly. The Plaintiff was unable to take bonafide lunch periods.

50. Every week, the Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours, as required by the FLSA.

51. The Plaintiff did not clock-in and out because Defendants did not use any timekeeping device, but Defendants were able to keep track the hours worked by Plaintiff and other similarly situated individuals.

52. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that in excess of forty (40) that he worked, in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

53. The Plaintiff was paid $700.00 in cash, without any paystub to show basic information such as the number of days and hours, wage-rate paid, employee taxes deducted, etc.

54. On or about October 01, 2019 about the lack of payment for overtime hours, and for the lack of paystubs or payment records. As a result, the Plaintiff was fired on or about October 6, 2019.

55. On or about October 13, 2019, the owner of the business GILBERTO DIAZ re-hired Plaintiff with the promise of fixing everything.

56. On or about October Thursday, October 17, 2019 Plaintiff complained and requested overtime and payment records again.

57. These complaints constituted protected activity under the Fair Labor Standards Act.

58. On or about October 20, 2019, the owner of the business GILBERTO DIAZ fired Plaintiff using pretextual reasons.

59. At all times during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

60. There is proximity between Plaintiff's last protected activity and his termination.

61. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, the Plaintiff has been damaged.

62. At the times mentioned, individual Defendant GILBERTO DIAZ was the owner and manager of EL MESON LATIN CUISINE. Defendant GILBERTO DIAZ was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of EL MESON LATIN CUISINE in relation to their employees, including Plaintiff and others similarly situated. Defendant GILBERTO DIAZ had absolute financial and operational control of the Corporation, he determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for the Plaintiff's damages.

63. Plaintiff GIHOSVANI RUIZ seeks to recover overtime wages for every hour in excess of 40 that he worked, liquidated damages, retaliatory damages, and any other relief as allowable by law.

64. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GIHOSVANI RUIZ respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants EL MESON LATIN CUISINE and GILBERTO DIAZ that Plaintiff recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants EL MESON LATIN CUISINE and GILBERTO DIAZ to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff GIHOSVANI RUIZ further prays for such additional relief as the interests of justice may require.

JURY DEMAND

Plaintiff GIHOSVANI RUIZ demands trial by a jury of all issues triable as of right by jury.

Dated:  November 8, 2019

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*