UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GIHOSVANI RUIZ, and other similarly
situated individuals

        Plaintiff,

v.                                   Case No.:  2:19-cv-805-FtM-38MRM

EL MESON LATIN CUISINE, INC.
and GILBERTO DIAZ,

        Defendants.
_____/

### **ORDER**[1]

Before the Court is Defendants El Meson Latin Cuisine, Inc. and Gilberto Diaz's Motion to Dismiss (Doc. 8) and Memorandum in Support (Doc. 10) of the Motion.  Diaz is representing himself and El Meson *pro se*.  As explained below, the Court denies the Motion for failure to comply with the Middle District of Florida Local Rules.[2]

First, Diaz filed the Motion (Doc. 8) and Memorandum in Support (Doc. 10) separately.  But the Local Rules require those to be filed as one document.  Local Rule 3.01(a).  So the Motion should be denied.  *See, e.g.*, *Save the Wekiva River and Headwaters, Inc. v. U.S. Army Corps of Eng'rs*, No. 6:17-cv-1902-Orl-DCI, 2017 WL 10086128, at *2 n.2 (M.D. Fla. Dec. 29, 2017).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] The Local Rules are available on the Middle District's website: https://www.flmd.uscourts.gov/local-rules.

Second, Diaz is representing El Meson *pro se*. Yet in federal court, a corporation can only be represented by a licensed lawyer. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); Local Rule 2.01(a); 2.03(e). Although Diaz may appear on his own behalf *pro se*, 28 U.S.C. § 1654, he cannot represent any other person or entity, including El Meson. *U.S. ex rel. Stronstorff v. Blake Med. Ctr.*, No. 8:01-CV-844-T23MSS, 2003 WL 21004734, at *1 (M.D. Fla. Feb. 13, 2003). So within thirty days, the Court directs El Meson to hire an attorney and notify the Court by having the attorney file a notice of appearance.

While Diaz may represent himself, the Court always urges litigants to hire a lawyer. *E.g.*, *Jordan v. U.S. Dep't of Educ.*, No. 2:17-cv-683-FtM-99CM, 2018 WL 7502038, at *7 (M.D. Fla. May 8, 2018) ("The Court therefore strongly encourages [parties] to attempt to retain counsel admitted to practice before this Court."). If Diaz chooses to represent himself, he should study the Federal and Local Rules. He should also review the Middle District's Guide for Proceeding Without a Lawyer.[3] Either way, Ruiz must respond to the Complaint within thirty days.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 8) is **DENIED without prejudice**.
2. Defendant El Meson Latin Cuisine, Inc. is **DIRECTED** to retain counsel who must **FILE** a notice of appearance **on or before December 20, 2019**.

---

[3] This Guide is available on the Middle District's website: https://www.flmd.uscourts.gov/sites/flmd/files/documents/mdfl-guide-for-proceeding-without-a-lawyer.pdf.

3. Defendant Gilberto Diaz must **FILE** a response to the Complaint (Doc. 1) **on or before December 20, 2019**.

**DONE** and **ORDERED** in Fort Myers, Florida this 20th day of November, 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record