UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GIHOSVANI RUIZ, and other
similarly situated individuals,

     Plaintiff,

v.                        Case No.:  2:19-cv-805-SPC-MRM

GILBERTO DIAZ,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

The Undersigned entered Orders on August 25, 2020, (Doc. 35), September 11, 2020, (Doc. 36), and September 17, 2020, (Doc. 39), requiring Defendant Gilberto Diaz to, among other things, secure legal counsel to represent him in this litigation or file a notice of his intent to proceed *pro se*.  Additionally, on October 27, 2021, (Doc. 52), October 28, 2021, (Doc. 54), November 30, 2021, (Doc. 61), and December 28, 2021, (Doc. 65), the Court ordered Defendant Diaz to appear at a duly noticed Preliminary Pretrial Conference and participate in this litigation.  Finally, on December 28, 2021, (Doc. 68), and January 22, 2022, (Doc. 70), the Undersigned entered Orders to Show Cause as to Defendant Diaz requiring him to:  (1) file a notice of his intent to proceed *pro se*; and (2) comply with the Court's prior Orders.  Defendant Diaz failed to comply with any of the Court's Orders.  Accordingly, the Undersigned respectfully recommends that presiding United States District Judge

enter an Order striking Defendant Diaz's Answer, (Doc. 17), and directing the Clerk of Court to enter a Clerk's Default against Defendant Diaz.

## RELEVANT PROCEDURAL HISTORY

A brief review of the relevant procedural history is instructive.

Plaintiff initiated this action against Defendant Diaz and Defendant El Meson Latin Cuisine, Inc. on November 8, 2019. (Doc. 1). On November 19, 2019, Defendant Diaz appeared on behalf of himself and Defendant El Meson Latin Cuisine, Inc. by filing Defendant's [sic] Motion to Dismiss Plaintiff's Complaint. (Doc. 8; *see also* Docs. 9, 10, 11). Thereafter, on December 19, 2019, Attorney Suzanne Boy appeared on behalf of Defendants Diaz and El Meson Latin Cuisine, Inc. (*See* Doc. 15 at 1). Defendants filed Defendants' Answer and Defenses on January 3, 2020. (Doc. 17).

On August 25, 2020, Defendants' counsel withdrew from the case. (*See* Docs. 34, 35). Defendants' counsel noted, *inter alia*, that Defendant El Meson Latin Cuisine, Inc. had "gone out of business [and] ceased operations." (Doc. 34 at 1). Additionally, Defendants' counsel provided Defendants' contact information. (*See* Docs. 34 at 2; 35 at 2).

In the Undersigned's Order permitting Defendants' counsel to withdraw, the Undersigned required Defendant Diaz to either retain counsel or file a notice of his intent to proceed *pro se* no later than September 9, 2020. (Doc. 35 at 3). That Order also warned Defendant Diaz that, "[a]ny failure to comply with this Order may subject the offending party(ies) to dismissal, default, or other sanctions, as

appropriate." (*Id.*).  The docket reflects that the Clerk of Court mailed the Order to Defendant Diaz.  The docket does not reflect that the mailing was ever returned to the Clerk of Court for any reason.  Defendant Diaz failed to comply by the deadline.

Thus, on September 11, 2020, the Undersigned entered an Order requiring Defendant Diaz to (1) show cause no later than September 25, 2020, as to why he failed to comply with the August 25 Order and (2) obtain counsel or file a notice stating he intends to proceed *pro se*.  (*See* Doc. 36).  The Order warned Defendant Diaz that "[a]ny failure to comply with this Order may subject the offending party(ies) to dismissal, default, or other sanctions, as appropriate." (*Id.* at 2).  The docket reflects that the Order was mailed to Defendant Diaz's service address of record.  The docket does not reflect that the mailing was ever returned to the Clerk of Court for any reason.  Defendant Diaz again failed to comply by the deadline.

Subsequently, on September 14, 2020, Attorney David Fineman filed a Suggestion of Bankruptcy on behalf of Defendant Diaz.  (Doc. 37).  The Court entered an automatic stay of the case under 11 U.S.C. § 362(a), (Doc. 38), and the Undersigned entered a Text Order directing Defendant Diaz to either (1) retain new counsel or (2) file an appropriate notice stating that he intends to proceed *pro se* no later than fourteen days after the conclusion of his bankruptcy proceedings, (Doc. 39).

The Court lifted the stay as to Defendant El Meson Latin Cuisine, Inc. on May 5, 2021, (Doc. 43), and then, on September 23, 2021, dismissed the action

without prejudice as to Defendant El Meson Latin Cuisine, Inc., (Doc. 49), leaving Defendant Gilberto Diaz as the action's sole Defendant.

On October 21, 2021, Plaintiff filed a notice seeking to have the automatic bankruptcy stay lifted and attached the bankruptcy court's March 11, 2021 Order Confirming Plan. (*See* Docs. 51, 51-1). The Court lifted the stay of this case, noted that "Defendant Gilberto Diaz is proceeding *pro se*," and referred the case for a preliminary pretrial conference before the Undersigned. (Doc. 57). Despite being ordered to do so, Defendant Diaz failed to appear at the duly noticed December 28, 2021 Preliminary Pretrial Conference and failed to participate in this litigation. (*See* Docs. 52, 53, 54, 57, 59, 61, 67). Notably, the docket reflects that the Court's Orders and Notices, (Docs. 52, 53, 54, 57, 59, 61, 67), were mailed to Defendant Diaz's service address of record. Additionally, the docket does not reflect that the mailings were ever returned to the Clerk of Court for any reason.

Accordingly, on December 28, 2021, the Undersigned entered an Order to Show Cause directing Defendant Diaz to show good cause in writing as to: (1) why he failed to comply with the November 30, 2021 Text Order, (Doc. 61), requiring him to file a case management report; (2) why he failed to appear at the December 28, 2021 Preliminary Pretrial Conference; and (3) "why the Court should not impose sanctions against him under Fed. R. Civ. P. 16(f)." (Doc. 68 at 1-2). In the Order to Show Cause the Court specifically warned Defendant Diaz that "**[a]ny failure to comply fully and meaningfully with this Order by [January 11, 2022,] will result in the imposition of sanctions against Defendant without further notice and may**

**also result in the entry of default against the non-compliant party.**" (*Id.* at 2 (emphasis in original)).  The docket reflects that the Court's December 28, 2021 Order to Show Cause was mailed to Defendant Diaz and the docket does not reflect that the mailing was ever returned.  Defendant Diaz failed to comply with the December 28, 2021 Order to Show Cause.

Finally, out of an abundance of caution, the Court entered a final Text Order to Show Cause on January 22, 2022, directing Defendant Diaz to, *inter alia*, comply with the Court's prior Orders and "file a notice stating whether he intends to proceed in this case *pro se*." (Doc. 70).  The January 22, 2022 Text Order to Show Cause again warned Defendant Diaz that "[a]ny failure to comply fully and meaningfully with this Order by the deadline specified above will result in the Undersigned:  (1) recommending that the presiding United States District Judge strike Defendant Gilberto Diaz's Answer, (Doc. 17); and (2) treating any motion for clerk's default as to Defendant Gilberto Diaz as unopposed." (*Id.*).  The docket reflects that the Court's January 22, 2022 Text Order to Show Cause was mailed to Defendant Diaz and the docket does not reflect that the mailing was ever returned.  Defendant Diaz failed to appear or otherwise comply with the Court's Order.

## LEGAL STANDARD

Federal Rules of Civil Procedure 16(f) and 37(b)(2) allow the Court to sanction a party for failure to obey a pretrial order, including entry of a default against the offending party.  *Glanzrock v. Patriot Roofing Indus., Inc.*, No. 807-CV-535-

T-33MAP, 2008 WL 3833950, at *1 (M.D. Fla. Aug. 15, 2008).  Rule 16(f)(1)(C) specifically provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order."  Sanctions under Rule 37(b)(2)(A) include striking the pleadings in whole or in part, dismissing the case in whole or in part, and "rendering a default judgment against the disobedient party."

Defaults, however, are disfavored because of the strong policy of determining cases on their merits.  *Claytor v. Mojo Grill and Catering Co. of Belleview, LLC*, No. 5:14-cv-411-Oc-30PRL, 2015 WL 1538111, at *1 (M.D. Fla. Apr. 7, 2015) (citing *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)).  Generally, the sanction of default is considered a drastic remedy that should be resorted to "only if noncompliance is due to willful or bad faith disregard of court orders."  *Glanzrock*, 2008 WL 3833950, at *1 (citing *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985)).  The Court must find that less drastic sanctions would not be equally effective in achieving compliance with the Court's orders.  *Id.* (citing *Adolph Coors*, 777 F.2d at 1543; *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 481-82 (11th Cir. 1982)).  However, when a noncompliant party demonstrates "a flagrant disregard for the court," the "severe" sanction of default is not an abuse of discretion.  *See id.* (citing *Aztec Steel Co.,* 691 F.2d at 481).  Thus, the Court has the authority to enter defaults and default judgments "for failure . . . to comply with its orders or rules of procedure."  *Suarez v. Don Pan Tampa*, No. 8:11-cv-

2295-T-33TGW, 2011 WL 6822191, at *1 (M.D. Fla. Dec. 28, 2011) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

## ANALYSIS

The docket demonstrates that Defendant Gilberto Diaz failed to comply timely with the Undersigned's Orders dated August 25, 2020, September 11, 2020, September 17, 2020, and January 22, 2022, by obtaining counsel to represent him or by filing a notice of his intent to proceed *pro se*.  (*See* Docs. 35, 36, 39, 70); *see also* M.D. Fla. R. 2.02(c)(4) ("A person no longer represented by counsel must comply with the rules and comply with the deadlines.").

Additionally, Defendant Gilberto Diaz failed to comply with the Court's Orders dated October 27, 2021, October 28, 2021, November 30, 2021, December 28, 2021, and January 22, 2022, requiring him to participate in this litigation.  (*See* Docs. 52, 54, 61, 65, 68, 70).

The Undersigned finds, therefore, that entry of a default against Defendant Gilberto Diaz is warranted under Rules 16(f) and 37(b)(2).  The Undersigned also finds that the severe sanction of default is necessary because:  (1) Defendant Diaz has demonstrated a flagrant, willful, and bad-faith disregard for the Court's Orders; and (2) no less drastic sanction would be effective in achieving compliance with the Court's orders.

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that the presiding United States District Judge enter an Order:

1.  Striking Defendant Diaz's Answer and Defenses, (Doc. 17);

2.  Directing the Clerk of Court to enter a Clerk's Default against Defendant Gilberto Diaz; and

3.  Requiring Plaintiff to file a motion for default judgment against Defendant Gilberto Diaz by a deadline the District Judge deems appropriate.

**RESPECTFULLY RECOMMENDED** in Fort Myers, Florida on March 23, 2022.

Mac R. McCoy
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the party is served a copy of this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts

from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  A party wishing to

respond to an objection may do so in writing fourteen days from the date the party is

served a copy of the objection.  To expedite resolution, the parties may also file a

joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties